UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
V.                        )    Criminal No. 05mj 00053·LTS
                          )
DIONOSEO SERRANO          )

### AFFIDAVIT IN SUPPORT OF RULE 40 PROCEEDING

I, Deputy U.S. Marshal, Francis P. Dawson, Jr., U.S. Marshals Service, do hereby make oath before the Honorable Leo T. Sorokin, United States Magistrate Judge for the District of Massachusetts, that upon knowledge coming to me in connection with my official duties and as part of the official records of my office, I am advised that there is presently outstanding a warrant of arrest for one Dionoseo Serrano on petition for violation of supervised release filed in the Middle District of Florida charging the defendant with violating the conditions of his supervised release, and I do hereby make oath that this warrant of arrest is outstanding in said District on the basis of the information set out above. A copy of said warrant is attached.

FRANCIS P. DAWSON, JR.
DEPUTY U.S. MARSHAL
U.S. MARSHALS SERVICE

Subscribed and sworn to before me this 4th day of Aug., 2005.

LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

PROB 19
(Rev. 5/92)

# United States District Court

for

Middle District of Florida

U.S.A. vs Dionoseo Serrano                                                              Docket No. 8:04-Cr-308-T-26-TGW

TO:   U.S. MARSHAL

| WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE |
|---|

You are hereby commanded to arrest the within-named probationer/supervised releasee and bring him or her, forthwith before the United States District Court to answer charges that he or she violated the conditions of his or her supervision imposed by the court.

| NAME OF SUBJECT | SEX | RACE | DOB |
|---|---|---|---|
| Dionoseo Serrano | | | 02/16/1956 |

| ADDRESS (STREET, CITY, STATE) |
|---|
| 5615 Lous XIV Court, Tampa Florida |

| SENTENCE IMPOSED BY (NAME OF COURT) | DATE IMPOSED |
|---|---|
| UNITED STATES DISTRICT COURT | 2/29/2000 |

| TO BE BROUGHT BEFORE (NAME OF COURT, CITY, STATE) |
|---|
| UNITED STATES DISTRICT COURT, TAMPA, FLORIDA |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| SHERYL L. LOESCH<br>Middle District of Florida | [signature] | 28 MAR 2005 |

| RETURN |
|---|

| Warrant received and executed | DATE RECEIVED | DATE EXECUTED |
|---|---|---|
| EXECUTING AGENCY (NAME AND ADDRESS) | COPY | |
| NAME | (BY) | DATE |

¹Insert designation of officer to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for _____ of _____;" or "any United States Marshal; or "any Special Agent of the Federal Bureau of Investigation;" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."

MD/FL 12C

# United States District Court

for

Middle District of Florida
Tampa Division
Amended
Petition for Warrant for Offender Under Supervised Release

Name of Offender: Dionoseo Serrano        Docket Number: 8:04-Cr-308-T-26-TGW

Name of Sentencing Judicial Officer: Honorable K. Michael Moore

Date of Original Sentence: February 29, 2000

Original Offense: Conspiracy to Possess with Intent to Deliver Cocaine

Original Sentence: 70 months Bureau of Prisons followed by three years supervised release with drug treatment and $100 special assessment.

Type of Supervision: Supervised Release        Date Supervision Commenced: May 12, 2003

Jurisdiction was transferred to the Honorable Richard A. Lazzara

## PETITIONING THE COURT TO ISSUE A WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

1. **Alleged new criminal conduct occurring while on supervision (DISPOSITION PENDING):** On February 22, 2004, Dionoseo Serrano did participate in animal fighting and betting as evidenced by a warrant being issued for his arrest in Hillsborough County Circuit Case 04-8751, Attending the Fighting or Baiting of Animals and Betting or Wagering on the Fighting or Baiting of Animal by the Hillsborough County Sheriff's Office. This is in violation of the conditions of supervision as set forth in the Judgment, which prohibits the defendant from committing another Federal, State or local crime while under supervision.

2. **Failure to submit written monthly reports:** Dionoseo Serrano has failed to submit his written monthly reports for the months of May, 2004, June 2004, and July 2004. These reports were due no later than the 5th day of each month respectively. This is in violation of Condition Two of the Standard Conditions of Supervision, as set forth in the Judgment.

MD/FL 12C
(9/97)

Page: 2

Offender: **Serrano, Dionoseo**
Docket: **8:04-Cr-308-T-26-TGW**
Date Prepared: March 10, 2005

3.  Failure to notify the probation officer 10 days prior to the changing of his residence. On or about June 2, 2004, Dionoseo Serrano changed his approved residence of 5615 Louis XIV Court #B, Tampa, Florida, as evidenced by a residence on that date in which this officer was advised that the defendant had left approximately two weeks prior and left no forwarding information. This is a violation of Condition Six of the Standard Conditions of Supervision, as set forth in the Judgment.

U.S. Probation Office Recommendation:

The term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on March 10, 2005

Derek Smith
United States Probation Officer

MD/FL 12C
(9/97)

Page: 3

Offender: Serrano, Dionoseo
Docket: 8:04-Cr-308-T-26-TGW
Date Prepared: **March 10, 2005**

THE COURT ORDERS

☐   Petitioning the Court to Dismiss the Warrant issued on October 5, 2004, and issue a Warrant.

☐   The Issuance of a Summons

☐   No Action

☐   Other

_____
Signature of Judicial Officer

3/21/05
Date

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: _____
Deputy Clerk

MD/FL 12C
(9/03)

05-mj-00053

# United States District Court

for

**Middle District of Florida**
**Tampa Division**
**Amended**
**Petition for Warrant for Offender Under Supervised Release**

Name of Offender: <u>Dionoseo Serrano</u>    Docket Number: <u>8:04-Cr-308-T-26-TGW</u>

Name of Sentencing Judicial Officer: <u>Honorable K. Michael Moore</u>

Date of Original Sentence: <u>February 29, 2000</u>

Original Offense: <u>Conspiracy to Possess with Intent to Deliver Cocaine</u>

Original Sentence: <u>70 months Bureau of Prisons followed by three years supervised release with drug treatment and $100 special assessment.</u>

Type of Supervision: <u>Supervised Release</u>    Date Supervision Commenced: <u>May 12, 2003</u>

Jurisdiction was transferred to the Honorable <u>Richard A. Lazzara</u>

---

### PETITIONING THE COURT TO ISSUE A WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

1. **Alleged new criminal conduct occurring while on supervision (DISPOSITION PENDING):** On February 22, 2004, Dionoseo Serrano did participate in animal fighting and betting as evidenced by a warrant being issued for his arrest in Hillsborough County Circuit Case 04-8751, Attending the Fighting or Baiting of Animals and Betting or Wagering on the Fighting or Baiting of Animal by the Hillsborough County Sheriff's Office. This is in violation of the conditions of supervision as set forth in the Judgment, which prohibits the defendant from committing another Federal, State or local crime while under supervision.

2. **Failure to submit written monthly reports:** Dionoseo Serrano has failed to submit his written monthly reports for the months of May, 2004, June 2004, and July 2004. These reports were due no later than the 5th day of each month respectively. This is in violation of Condition Two of the Standard Conditions of Supervision, as set forth in the Judgment.

MD/FL 12C
(9/97)

Page: 2

Offender: **Serrano, Dionoseo**
Docket: **8:04-Cr-308-T-26-TGW**
Date Prepared: **March 10, 2005**

3.  **Failure to notify the probation officer 10 days prior to the changing of his residence.** On or about June 2, 2004, Dionoseo Serrano changed his approved residence of 5615 Louis XIV Court #B, Tampa, Florida, as evidenced by a residence on that date in which this officer was advised that the defendant had left approximately two weeks prior and left no forwarding information. This is a violation of Condition Six of the Standard Conditions of Supervision, as set forth in the Judgment.

U.S. Probation Office Recommendation:

The term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *March 10, 2005*
March 10, 2005

*[signature]*
Derek Smith
United States Probation Officer

MD/FL 12C
(9/97)

Page: 3

Offender: **Serrano, Dionoseo**
Docket: **8:04-Cr-308-T-26-TGW**
Date Prepared: **March 10, 2005**

THE COURT ORDERS

☐   Petitioning the Court to Dismiss the Warrant issued on October 5, 2004, and issue a Warrant.

☐   The Issuance of a Summons

☐   No Action

☐   Other

_____
Signature of Judicial Officer

3/24/05
Date

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: _____
Deputy Clerk

UNITED STATES GOVERNMEN

# memorandum

DATE: September 30, 2004

REPLY TO
ATTN OF: Derek Smith
United States Probation Officer - Tampa

SUBJECT: **Serrano, Dionoseo**, Docket No.: 8:04-Cr-308-T-26-TGW
Violation Report/Warrant and Transfer of Jurisdiction Request

TO: The Honorable Richard A. Lazzara
United States District Judge

## COURT HISTORY:

On February 29, 2000, Dionoseo Serrano appeared before the Court in the Southern District of Florida before the Honorable K. Michael Moore, in docket number 1:99-Cr-00155-003, for Conspiracy to Possess with Intent to Deliver Cocaine. Dionoseo Serrano was sentenced to seventy (70) months Bureau of Prisons' custody to be followed by three (3) years supervised release with special conditions to include drug treatment and payment of the $100 special assessment. This sentence was to be served concurrently with Southern District of Florida Docket No: 1:99-Cr-00158-003, Conspiracy to Launder Money, for which the defendant received an identical sentence.

On September 2, 2004, the Honorable James S. Moody, Jr., accepted jurisdiction and concurred to the issuance of a warrant for Violation of Supervised Release based upon the below information. The case that has been assigned to Judge Moody is for the defendant's conviction of Conspiracy to Launder Money in the Southern District of Florida.

## ALLEGED VIOLATIONS OF SUPERVISION:

1. **Alleged new criminal conduct occurring while on supervision (DISPOSITION PENDING):** On February 22, 2004, Dionoseo Serrano did participate in animal fighting and betting as evidenced by a warrant being issued for his arrest in Hillsborough County, Florida, Circuit Case 04-8751, Attending the Fighting or Baiting of Animals and Betting or Wagering on the Fighting or Baiting of Animal. This is in violation of the conditions of supervision as set forth in the Judgment, which prohibits the defendant from committing another Federal, State or local crime while under supervision.

2. **Failure to submit written monthly reports:** Dionoseo Serrano has failed to submit his written monthly reports for the months of May 2004, June 2004, and July 2004. These reports were due no later than the 5th day of each month respectively. This is in violation of Condition Two of the Standard Conditions of Supervision, as set forth in the Judgment.

3. **Failure to notify the probation officer 10 days prior to the changing of his residence.** On or about June 2, 2004, Dionoseo Serrano changed his approved residence of 5615 Louis XIV Court #B, Tampa, Florida, as evidenced by U. S. Probation Officer Smith being advised on said date that the defendant had left his residence approximately two weeks prior and gave no forwarding information. This is a violation of Condition Six of the Standard Conditions of Supervision, as set forth in the Judgment.

The Honorable Richard A. Lazzara
Re: Serrano, Dionoseo
Docket Number 8:04-Cr-308-T-26-TGW
September 30, 2004
Page 2

**SUPERVISION HISTORY:**

On May 12, 2003, Mr. Serrano was released from Bureau of Prisons' custody and supervision is scheduled to expire May 11, 2006.
At the commencement of the supervision term, Mr. Serrano was given a travel permit by USPO Tiffany S. Lowery in the Southern District of New York and was advised to report to the Middle District of Florida, United States Probation Office, on May 27, 2003.

However, Mr. Serrano's living arrangements have been unstable as shown by the following residential addresses since his arrival to Tampa: 9702 N. Central Avenue, Lot B, Tampa, Florida 33612; 3404 Lake Avenue, Tampa, Florida 33605; and 5615 Louis XIV, Court #B, Tampa, Florida 33614.

As to employment, Mr. Serrano made an attempt to establish a restaurant at 3404 E. Lake Avenue, Tampa, Florida. The establishment closed due to poor business which did not generate enough income to cover accrued debt. Mr. Serrano's last employment was when he worked for Mr. Louis Rosado as a laborer in his restaurant until there was a change in ownership.

Regarding the special conditions of supervision, Mr. Serrano's special assessment was paid in full June 19, 2001. Mr. Serrano submitted to random urine screens which were negative for drug use.

In April of this year, Mr. Serrano requested relocation of his supervision back to the Southern District of New York in order to reside with his sister Mercedes Rosa. The defendant further indicated that he had a job offer with C. Town Market in New York. On May 26, 2004, this officer received approval to forward the relocation information to the Southern District of New York to investigate the proposed plan. This officer placed a call to the residence Mr. Serrano occupied. An unidentified male individual answered the phone and professed Mr. Serrano was looking for employment. A message was given to this person asking that he convey to Mr. Serrano that he could pick up a travel permit to New York with regard to his relocation request.

When Mr. Serrano did not report by the following day by the afternoon hour to receive his travel permit, a call was placed to the home. This officer then came in contact with a non-English speaking female. With the assistance of Senior Probation Clerk Raquel Roman, who served as a translator for this officer, it was ascertained that Mr. Serrano had left the area approximately two weeks prior.

On June 2, 2004, this officer made a visit to the last approved residence of Mr. Serrano and met with Mr. Louis Rosado, who reconfirmed the information received earlier as to Mr. Serrano's departure from the residence with no forwarding information being provided.

As a part of the case review process, a recent records check revealed outstanding warrants for Mr. Serrano from the Circuit Court of Hillsborough County, Tampa, Florida, for the felony offenses of Attending the Fighting or Baiting of Animals and Betting or Wagering on the Fighting or Baiting of Animals. Allegedly, on February 22, 2004, on property East of 6601 32nd Avenue Tampa, Florida 33619, at approximately 1600 hours, the defendant attended animal fighting which involved roosters and was observed betting during this activity by Cpl. C. Collado of the Hillsborough County Sheriff's Office.

**SENTENCING OPTIONS:**

Should the Court find the offender has violated the terms of supervision, the following sentencing options would apply:

**Statutory Provisions:** Upon finding of violation of supervised release, the Court may continue the offender on supervised release with, or without, modifying or enlarging the conditions. The Court

The Honorable Richard A. Lazzara
Re: Serrano, Dionoseo
Docket Number 8:04-Cr-308-T-26-TGW
September 30, 2004
Page 3

may also extend the term of supervised release, if less than the maximum term authorized was already imposed. Or, the Court may revoke supervised release and impose a term of incarceration up to two years. 18 U.S.C. §3583(e). If incarceration is imposed, the Court may order a new term of supervised release to follow. The new term of supervised release, together with the term of incarceration imposed upon revocation, cannot exceed the maximum term of supervised release authorized for the original offense of conviction. 18 U.S.C. §3583(h). In this case, the Court could reimpose a term of supervised release for three (3) years, less the term of imprisonment imposed at revocation.

**Guideline Provisions:** The U.S. Sentencing Commission has issued policy statements for revocation of supervised release. These policy statements are advisory and non-binding on the Court. U.S. v. Thompson, 976 F.2d 1380 (11th Cir. 1992). The defendant is charged with **Grade "B" and "C" violations** as defined by USSG § 7B1.1(a)(2)(3). Upon a finding of a **Grade "B" violation**, the Court may revoke supervised release and impose custody or extend or modify the existing term of supervised release per USSG § 7B1.3(a)(2). Since a **Ciminal History Category of I** was found applicable at the original sentencing, the custody term for the violation is **4-10** months per USSG § 7B1.4(a).

Pursuant to USSG § 7B1.3(c)(1), the minimum term of custody may be satisfied by a custody term (as little as one day) followed by supervised release with a special condition of community confinement or home detention for the balance of the minimum term. Because 18 U.S.C. §3583(d) authorizes the use of the discretionary conditions set forth in 18 U.S.C. §3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition considered to be appropriate, it appears that intermittent confinement is authorized, but community confinement is not authorized. This resulted from changes to §3563(b) with the enactment of the Mandatory Victims Restitution Act of 1996. However, there is some question as to whether this was the intent of Congress. The issue has not been addressed in the 11th Circuit; and other Circuits are split on the issue.

Additionally, according to U.S.S.G. § 7B1.3(f) and Application Note 4, any term of imprisonment imposed upon the revocation of supervised release shall run consecutively to any sentence of imprisonment being served by the defendant. Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of supervised release may run consecutively to any term of imprisonment imposed at revocation.

Before imposing sentence, the Court shall state for the record that it has considered the factors set forth in 18 U.S.C. §3553(a), including applicable guidelines and policy statements issued by the Sentencing Commission.

**RECOMMENDATION:**

Mr. Serrano has not only absconded from supervision, but became involved in other criminal activity which has resulted in outstanding capiases. Therefore, the undersigned is requesting that Your Honor accept jurisdiction of this case from the Southern District of Florida and a warrant be issued for the defendant's arrest so that upon his apprehension the revocation process may be initiated.

Respectfully Submitted:

Derek Smith
United States Probation Officer

Approved by:

Regina A. Martin-Tuthill, Supervising
United States Probation Officer

MD/FL 12C
(9/03)

# United States District Court

for

**Middle District of Florida
Tampa Division
Amended
Petition for Warrant for Offender Under Supervised Release**

Name of Offender: <u>Dionoseo Serrano</u>        Docket Number: <u>8:04-Cr-307-T-30-TBM</u>

Name of Sentencing Judicial Officer: <u>Honorable K. Michael Moore</u>

Date of Original Sentence: <u>February 29, 2000</u>

Original Offense: <u>Conspiracy to Possess with Intent to Deliver Cocaine</u>

Original Sentence: <u>70 months Bureau of Prisons followed by three years supervised release with drug treatment and $100 special assessment.</u>

Type of Supervision: <u>Supervised Release</u>        Date Supervision Commenced: <u>May 12, 2003</u>

Jurisdiction was transferred to the <u>Honorable James S. Moody, Jr.</u>

Assistant U.S. Attorney: <u>Ann Taylor</u>        Defense Attorney: <u>Gregory A. Prebish</u>

## PETITIONING THE COURT TO ISSUE A WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

1. **Alleged new criminal conduct occurring while on supervision (DISPOSITION PENDING):** On February 22, 2004, Dionoseo Serrano did participate in animal fighting and betting as evidenced by a warrant being issued for his arrest in Hillsborough County, Florida, Circuit Case 04-8751, Attending the Fighting or Baiting of Animals and Betting or Wagering on the Fighting or Baiting of Animal. This is in violation of the conditions of supervision as set forth in the Judgment, which prohibits the defendant from committing another Federal, State or local crime while under supervision.

2. **Failure to submit written monthly reports:** Dionoseo Serrano has failed to submit his written monthly reports for the months of May 2004, June 2004, and July 2004. These reports were due no later than the 5th day of each month respectively. This is in violation of Condition Two of the Standard Conditions of Supervision, as set forth in the Judgment.

MD/FL 12C  
(9/97)

Page: 2

Offender: **Serrano, Dionoseo**  
Docket: **8:04-Cr-307-T-30-TBM**  
Date Prepared: **March 10, 2005**

3. **Failure to notify the probation officer 10 days prior to the changing of his residence.** On or about June 2, 2004, Dionoseo Serrano changed his approved residence of 5615 Louis XIV Court #B Tampa, Florida, as evidenced by U. S. Probation Officer Smith being advised on said date that the defendant had left his residence approximately two weeks prior and gave no forwarding information. This is a violation of Condition Six of the Standard Conditions of Supervision, as set forth in the Judgment.

U.S. Probation Office Recommendation:

The term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *March 10, 2005*  
March 10, 2005

*Derek Smith*  
Derek Smith  
United States Probation Officer

MD/FL 12C
(9/97)

Page: 3

Offender: **Serrano, Dionoseo**
Docket: **8:04-Cr-307-T-30-TBM**
Date Prepared: **March 10, 2005**

THE COURT ORDERS

☑   ~~Petitioning the Court to~~ Dismiss the Warrant issued on September 2, 2004, and issue a Warrant.

☐   The Issuance of a Summons

☐   No Action

☐   Other

_____
Signature of Judicial Officer

21 March 2005
_____
Date

UNITED STATES GOVERNMEN

# memorandum

DATE: August 25, 2004

REPLY TO
ATTN OF: Derek Smith
United States Probation Officer - Tampa

SUBJECT: **Serrano, Dionoseo**, Docket No.: 8:04-Cr-307-T-30-TBM
Violation Report/Warrant and Transfer of Jurisdiction Request

TO: The Honorable James S. Moody, Jr.
United States District Judge

### COURT HISTORY:

On February 29, 2000, Dionoseo Serrano appeared before the Court in the Southern District of Florida before the Honorable K. Michael Moore, in docket number 1:99-Cr-00158-003, for Conspiracy to Launder Money. Dionoseo Serrano was sentenced to seventy (70) months Bureau of Prisons' custody to be followed by three (3) years supervised release with special conditions to include drug treatment and payment of the $100 special assessment. This sentence was to be served concurrently with Southern District of Florida Docket No: 1:99-Cr-00155-003, Conspiracy to Possess with Intent to Deliver Cocaine, for which the defendant received an identical sentence.

### ALLEGED VIOLATIONS OF SUPERVISION:

1. **Alleged new criminal conduct occurring while on supervision (DISPOSITION PENDING):** On February 22, 2004, Dionoseo Serrano did participate in animal fighting and betting as evidenced by a warrant being issued for his arrest in Hillsborough County, Florida, Circuit Case 04-8751, Attending the Fighting or Baiting of Animals and Betting or Wagering on the Fighting or Baiting of Animal. This is in violation of the conditions of supervision as set forth in the Judgment, which prohibits the defendant from committing another Federal, State or local crime while under supervision.

2. **Failure to submit written monthly reports:** Dionoseo Serrano has failed to submit his written monthly reports for the months of May 2004, June 2004, and July 2004. These reports were due no later than the 5th day of each month respectively. This is in violation of Condition Two of the Standard Conditions of Supervision, as set forth in the Judgment.

3. **Failure to notify the probation officer 10 days prior to the changing of his residence.** On or about June 2, 2004, Dionoseo Serrano changed his approved residence of 5615 Louis XIV Court #B Tampa, Florida, as evidenced by U. S. Probation Officer Smith being advised on said date that the defendant had left his residence approximately two weeks prior and gave no forwarding information. This is a violation of Condition Six of the Standard Conditions of Supervision, as set forth in the Judgment.

### SUPERVISION HISTORY:

On May 12, 2003, Mr. Serrano was released from Bureau of Prisons' custody and supervision is scheduled to expire May 11, 2006.

The Honorable James S. Moody, Jr.
Re: Serrano, Dionoseo
Docket Number 8:04-Cr-307-T-30-TBM
August 25, 2004
Page 2

At the commencement of the supervision term, Mr. Serrano was given a travel permit by USPO Tiffany S. Lowery in the Southern District of New York and was advised to report to the Middle District of Florida, United States Probation Office, on May 27, 2003.

However, Mr. Serrano's living arrangements have been unstable as shown by the following residential addresses since his arrival to Tampa: 9702 N. Central Avenue, Lot B, Tampa, Florida 33612; 3404 Lake Avenue, Tampa, Florida 33605; and 5615 Louis XIV, Court #B, Tampa, Florida 33614.

As to employment, Mr. Serrano made an attempt to establish a restaurant at 3404 E. Lake Avenue, Tampa, Florida. The establishment closed due to poor business which did not generate enough income to cover accrued debt. Mr. Serrano's last employment was when he worked for Mr. Louis Rosado as a laborer in his restaurant until there was a change in ownership.

Regarding the special conditions of supervision, Mr. Serrano's special assessment was paid in full June 19, 2001. Mr. Serrano submitted to random urine screens which were negative for drug use.

In April of this year, Mr. Serrano requested relocation of his supervision back to the Southern District of New York in order to reside with his sister Mercedes Rosa. The defendant further indicated that he had a job offer with C. Town Market in New York. On May 26, 2004, this officer received approval to forward the relocation information to the Southern District of New York to investigate the proposed plan. This officer placed a call to the residence Mr. Serrano occupied. An unidentified male individual answered the phone and professed Mr. Serrano was looking for employment. A message was given to this person asking that he convey to Mr. Serrano that he could pick up a travel permit to New York with regard to his relocation request.

When Mr. Serrano did not report by the following day by the afternoon hour to receive his travel permit, a call was placed to the home. This officer then came in contact with a non-English speaking female. With the assistance of Senior Probation Clerk Raquel Roman who served as a translator for this officer, it was ascertained that Mr. Serrano had left the area approximately two weeks prior.

On June 2, 2004, this officer made a visit to the last approved residence of Mr. Serrano and met with Mr. Louis Rosado, who reconfirmed the information received earlier as to Mr. Serrano's departure from the residence with no forwarding information being provided.

As a part of the case review process, a recent records check revealed outstanding warrants for Mr. Serrano from the Circuit Court of Hillsborough County, Tampa, Florida, for the felony offenses of Attending the Fighting or Baiting of Animals and Betting or Wagering on the Fighting or Baiting of Animals. Allegedly, on February 22, 2004, on property East of 6601 32nd Avenue Tampa, Florida 33619, at approximately 1600 hours, the defendant attended animal fighting which involved roosters and was observed betting during this activity by Cpl. C. Collado of the Hillsborough County Sheriff's Office.

### SENTENCING OPTIONS:

Should the Court find the offender has violated the terms of supervision, the following sentencing options would apply:

**Statutory Provisions:** Upon finding of violation of supervised release, the Court may continue the offender on supervised release with, or without, modifying or enlarging the conditions. The Court may also extend the term of supervised release, if less than the maximum term authorized was already imposed. Or, the Court may revoke supervised release and impose a term of incarceration up to two years. 18 U.S.C. §3583(e). If incarceration is imposed, the Court may order a new term

The Honorable James S. Moody, Jr.
Re: Serrano, Dionoseo
Docket Number 8:04-Cr-307-T-30-TBM
August 25, 2004
Page 3

of supervised release to follow. The new term of supervised release, together with the term of incarceration imposed upon revocation, cannot exceed the maximum term of supervised release authorized for the original offense of conviction. 18 U.S.C. §3583(h). In this case, the Court could reimpose a term of supervised release for three (3) years, less the term of imprisonment imposed at revocation.

**Guideline Provisions:** The U.S. Sentencing Commission has issued policy statements for revocation of supervised release. These policy statements are advisory and non-binding on the Court. U.S. v. Thompson, 976 F.2d 1380 (11th Cir. 1992). The defendant is charged with **Grade "B" and "C" violations** as defined by USSG § 7B1.1(a)(2)(3). Upon a finding of a **Grade "B" violation**, the Court may revoke supervised release and impose custody or extend or modify the existing term of supervised release per USSG § 7B1.3(a)(2). Since a **Criminal History Category of I** was found applicable at the original sentencing, the custody term for the violation is **4-10** months per USSG § 7B1.4(a).

Pursuant to USSG § 7B1.3(c)(1), the minimum term of custody may be satisfied by a custody term (as little as one day) followed by supervised release with a special condition of community confinement or home detention for the balance of the minimum term. Because 18 U.S.C. §3583(d) authorizes the use of the discretionary conditions set forth in 18 U.S.C. §3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition considered to be appropriate, it appears that intermittent confinement is authorized, but community confinement is not authorized. This resulted from changes to §3563(b) with the enactment of the Mandatory Victims Restitution Act of 1996. However, there is some question as to whether this was the intent of Congress. The issue has not been addressed in the 11th Circuit, and other Circuits are split on the issue.

Additionally, according to U.S.S.G. § 7B1.3(f) and Application Note 4, any term of imprisonment imposed upon the revocation of supervised release shall run consecutively to any sentence of imprisonment being served by the defendant. Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of supervised release may run consecutively to any term of imprisonment imposed at revocation.

Before imposing sentence, the Court shall state for the record that it has considered the factors set forth in 18 U.S.C. §3553(a), including applicable guidelines and policy statements issued by the Sentencing Commission.

**RECOMMENDATION:**

Mr. Serrano has not only absconded from supervision, but became involved in other criminal activity which has resulted in outstanding capiases. Therefore, the undersigned is requesting that Your Honor accept jurisdiction of this case from the Southern District of Florida and a warrant be issued for the defendant's arrest so that upon his apprehension the revocation process may be initiated.

Respectfully Submitted:

Derek Smith
United States Probation Officer

Approved by:

Regina A. Martin-Tuthill, Supervising
United States Probation Officer